**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0321-23

SALVATORE PENSIERO,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE
AND FIREMEN'S RETIREMENT
SYSTEM,

    Respondent-Respondent.

_____

Submitted December 10, 2024 – Decided December 23, 2024

Before Judges Smith and Chase.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. xx4233.

Caruso Smith Picini, PC, attorneys for appellant (Timothy R. Smith, of counsel; Zinovia H. Stone, on the briefs).

Nels J. Lauritzen, Deputy Director, Legal Affairs, attorney for respondent (Juliana C. DeAngelis, Legal Counsel, on the brief).

PER CURIAM

## I.

Petitioner Salvatore Pensiero appeals from the final decision of the Police and Firemen's Retirement System of New Jersey Board of Trustees (Board), denying his application for accidental disability retirement benefits (ADRB). On appeal, petitioner argues the Board erred in declaring him ineligible for ADRB and he seeks a reversal of the Board's final decision. We affirm for the reasons that follow.

On October 1, 2017, petitioner suffered a work-related injury while on-duty. On March 12, 2019, the Board considered and denied petitioner's application for ADRB based on its determination that his disability was not the result of an "undesigned or unexpected" incident. The Board granted petitioner ordinary disability retirement benefits (ODRB), rather than ADRB.

The Board's initial decision contained findings, which included that: the incident was identifiable as to time and place; it occurred as a result of petitioner's regular and assigned duties; it was not the result of petitioner's willful negligence; the incident was the direct result of the traumatic event; and finally, the incident did "not rise to the undesigned and unexpected standard." Petitioner appealed the initial decision, and the matter was transferred to the

2

Office of Administrative Law. The administrative law judge (ALJ) heard testimony from petitioner and Mark Casey, a Board investigator.

After a hearing, the ALJ found both witnesses credible and then made findings of fact:

> On the date of the [i]ncident, [an] [i]nmate verbally abused petitioner; petitioner ordered [i]nmate to remain in his cell while releasing the other sixty-three inmates for recreation time; when petitioner opened the cell doors, [i]mate ran out and chest bumped petitioner; petitioner attempted to calm [i]nmate down, but [i]nmate continued to physically and verbally assault petitioner; as petitioner attempted to guide [i]nmate back into his cell, [i]nmate repeatedly punched petitioner's arm, then charged at petitioner and tried to grab him; in response, petitioner put his arms out to keep [i]nmate back, [i]nmate fell backwards over some seats, then stood up and continued to physically and verbally assault petitioner; an inmate went to get help from Officer Griffin.
>
> Griffin, unable to get the inmates back into their cells, guided petitioner towards an exit from the unit; the crowd of inmates followed petitioner and Griffin; as petitioner and Griffin reached the [d]ay [r]oom doorway, petitioner pushed the inmates back and threw punches at two inmates, including [i]nmate; [i]nmate then punched petitioner in the mouth, breaking his front teeth; extraction officers arrived and removed [i]nmate.
>
> Petitioner was never disciplined, reprimanded or charged criminally regarding the [i]ncident; petitioner returned to work a month after the [i]ncident and continued to work for an additional year.

3

The ALJ found petitioner failed to show the incident was "undesigned and unexpected," and determined petitioner was not entitled to ADRB. The Board adopted the ALJ's determination decision as final. Petitioner appeals the Board's final decision, arguing two points: the incident was undesigned and unexpected; and the ALJ made incorrect determinations of fact.

II.

"[The Board's] decisions are afforded a deferential standard of review and will be reversed only if 'there is a clear showing that [the decision] is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" S.L.W. v. N.J. Div. of Pensions & Benefits, 238 N.J. 385, 393-94 (2019) (second alteration in original) (citing Mount v. Bd. of Trs., Police & Firemen's Ret. Sys., 233 N.J. 402, 418 (2018) (quoting Russo v. Mount v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011))). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)).

Our role in reviewing administrative actions is generally limited to three inquires:

A-0321-23

(1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;

(2) whether the record contains substantial evidence to support the findings on which the agency based its action; and

(3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting In re Stallworth, 208 N.J. at 194).]

However, "we review de novo the Board's interpretation of N.J.S.A. 43:16A-7[(a)] (1)[1] and our case law." Mount, 233 N.J. at 419 (citing Russo, 206 N.J. at 27 (2011)).

III.

Petitioner posits that the Board's final administrative decision should be reversed because the incident which caused his injury met the definition of "undesigned and unexpected" set forth in Richardson v. Bd of Tr., Police and Firemen's Ret. Sys., 192 N.J 189, 212-13 (2007). He contends that his actions

---

[1] The Legislature amended N.J.S.A. 43:16A-7 in 2019. L. 2019, c. 157. This amendment changed N.J.S.A. 43:16A-7(1) to N.J.S.A. 43:16A-7(a)(1).

prior to exiting the day room – pushing and throwing punches at inmates – were in line with his duties as a correction officer and that he had no duty to retreat from the situation. We are not persuaded.

ADRB for police and firemen is governed by N.J.S.A. 43:16A-7. In relevant part, the statute reads:

> [A]ny member may be retired on an accidental disability retirement allowance; provided, that the medical board, after a medical examination of such member, shall certify that the member is permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties and that such disability was not the result of the member's willful negligence and that such member is mentally or physically incapacitated for the performance of his usual duty and of any other available duty in the department which his employer is willing to assign to him.
>
> [N.J.S.A. 43:16A-7(a)(1).]

Under N.J.S.A. 43:16A-7(a)(1), a finder of fact must find that the traumatic event that caused the disability was: (1) identifiable as to time and place, (2) undesigned and unexpected, and (3) caused by a circumstance external to the worker (not the result of pre-existing disease that is aggravated or accelerated by the work). Richardson, 192 N.J at 193.

6

Petitioner did not meet his burden on factor two by showing the incident was "undesigned and unexpected." He claimed that it was his duty to prevent the inmates from exiting the day room and that being struck by an inmate was unexpected. The ALJ rejected this argument, finding petitioner intentionally prolonged his contact with the inmates rather than leaving with Officer Griffin. The ALJ also noted petitioner produced "nothing . . . which indicated that punching inmates was an acceptable crowd control technique for corrections officers." We find no error here, as the ALJ's findings are supported by the ample record.

Petitioner analogizes his case with Moran v. Board of Trustees, 438 N.J. Super. 346, 354-55 (App. Div. 2014). In Moran, a firefighter was injured while attempting to enter a burning home to rescue occupants. Moran, 438 N.J. Super. at 347, 349-50. In reversing the Board and granting the firefighter ADRB, we stated that

> [t]he undesigned and unexpected event . . . was the combination of unusual circumstances that led to Moran's injury: the failure of the truck unit to arrive, and the discovery of victims trapped inside a fully engulfed burning building, at a point when Moran did not have available to him the tools that would ordinarily be used to break down the door. As a result, he was forced to carry out his paramount duty to rescue fire victims, by manually kicking in the door. Had he not

responded immediately to break down the door, the victims would have died.

[Id. at 354 (footnote omitted).]

Unlike the firefighter in Moran, who had a duty to rescue fire victims, plaintiff has not shown that it was his duty to conduct crowd control of the inmates on his own. Additionally, unlike the unusual circumstances that required the firefighter to injure himself, the circumstance here – inmates moving towards the day room exit – was avoidable had petitioner initially left with Officer Griffin.

Petitioner next claims that the ALJ's findings of fact were unsupported by the record. He contends the ALJ based their decision on a single erroneous report filed by Officer Griffin. We disagree. Video surveillance evidence corroborates the ALJ's findings that petitioner prolonged the incident. The footage shows that, during the minute that Officer Griffin was in the day room, she grabbed petitioner twice to try and remove him from the area. Each time petitioner started to leave with Officer Griffin, he elected to return to the inmates. Petitioner had ample opportunities to exit the day room before the inmates reached the door.

Petitioner's detailed hearing testimony corroborates the Board's finding that: he pulled away from Officer Griffin when she grabbed his arm; and that

petitioner chose to push back and throw punches at inmates rather than leaving with Officer Griffin.

Finally, petitioner contends the Board's final decision should be overturned because it made contradictory findings. We are unpersuaded. The record contains more than ample credible evidence to support the Board's finding that petitioner's traumatic event was not "unexpected," notably his own testimony.

We conclude that the Board was not arbitrary and capricious, and its final administrative decision was supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0321-23